## WM. R. PEPPER *v.* CEBURN L. HARRIS and A. W. SHAFFER.

Where A and B purchased of C certain personal property by parol contract, and A executed a paper writing promising to pay C upon certain conditions therein contained, and the amount A had to pay was left blank and never inserted in said writing: *Held*, that the said written contract was of no force on account of such blank; and that the Court below erred in ruling that C was put to his election, either to sue B upon his parol contract of purchase, or to sue A upon the written contract.

This was a CIVIL ACTION, to recover the value of certain personal property alleged by the plaintiff to have been sold by him to the defendants, tried before *Henry, J.* at January (Special Term, 1875, of the Superior Court of WAKE county.

The defendant, Shaffer, filed an answer denying his liability to the plaintiff. The defendant, Harris, filed an answer admitting that he had contracted to purchase of the plaintiff the property mentioned in the complaint, but averred that the contract was in writing and contained certain conditions precedent, which had not been performed by the plaintiff, and insisted that no cause of action had accrued against him. A copy of the writing referred to is annexed hereto, marked "A."

The plaintiff filed a replication alleging that the paper writing referred to had been prepared as containing the contract between the parties, and that the conditions contained therein referred to certain liens existing, upon a tract of land in Halifax county, contracted to be sold by plaintiff to the defendants. The defendants had abandoned the contract of purchase of said lands and by reason thereof the conditions became of no importance to the defendants, and the written contract had never been completed.

The plaintiff further alleged that he had performed the conditions, and that if he had not discharged the same, but was bound to perform the said conditions, the defendants had not been in any wise injured by their non-performance.

The plaintiff being introduced as a witness in his own behalf

was proceeding to speak of the contract as a contract between himself and the defendants, when the counsel for the defendants interposed and asked the witness if the contract had been reduced to writing and was embodied in the paper marked " A," which was then produced; except that the blank had not been filled with the amount representing the value of the property. Whereupon the defendants objected to plaintiff being allowed to give oral evidence of the contract except to fix the value of the property, and in support of their objection produced the paper " B," of which a copy is annexed.

The execution of this paper by the plaintiff was admitted, and to meet the objection of the defendants the plaintiff insisted :

1. That paper " A " being an instrument under seal was in no sense a complete instrument until perfected by the proper ascertainment of the value of the property, and an insertion of that value when ascertained, and that a delivery of such an instrument was conditional, and the sum of the value never having been inserted, the execution had never been completed and the contract had not been in legal intendment reduced to writing.

In this connection the counsel for the plaintiff proposed to ask the witness, "if the paper " A " had been delivered to him by Harris as a complete instrument, or with an understanding that it should thereafter be completed by the ascertainment and the insertion of the value of the property. The question was overruled by the Court on the ground that the witness had already answered it in the affirmative. To the ruling of his Honor the plaintiff excepted.

2. That in any view of the case it was competent to show, that although the contract was taken in the name of Harris alone, the defendant, Shaffer, was equally concerned and liable, and that the defendant Harris was in fact acting in the matter as agent for the defendant Shaffer, as well as for himself.

The Court sustained the defendants and held that the plain-

tiff should proceed against the defendant Harris alone, upon the written contract, or against Shaffer upon the verbal contract, or he would instruct the jury " that the contents of the paper " A " amounted to a variance between the allegations and the proof."

The plaintiff thereupon submitted to a non-suit and appealed.

The following is a copy of the paper writing referred to :

" A.

STATE OF NORTH CAROLINA, }
        Wake county.        }

For value received I promise to pay to William R. Pepper, or order the sum of —— dollars, when the said Pepper shall have made a full settlement and been discharged from all liability on his certain official bond with J. B. Zollicoffer and as his sureties as administrator of the estate of L. F. Smith : Provided said settlement be made within twelve months from the date hereof, with the understanding, however, that in case any liability other than such as has already been determined by judgment final, now of record in the State or United States court shall arise and be determined by the further judgment of said Court or either of them, and such liability shall not be met and be discharged by the said paper, then the same may be met and be discharged by me, and the sum so expended shall be a credit upon and operate as a payment so far of the said sum of —— dollars.

And it is the understanding of the parties and the true intent and meaning of these articles, that in case the said Wm. R. Pepper shall make said settlement and be legally discharged from all liability on said official bond within twelve months from the date hereof, that upon the exhibition of authentic proof of such settlement and legal discharge, and demand, then the said sum of —— dollars will be due and payable. And in case said Pepper shall fail to make said settle-

ment within said twelve months as aforesaid, then this obligation shall be null and void.  Given at Raleigh, N. C., this 12th January, 1872.

C. L. HARRIS, [SEAL.]

Witness: P. A. NOLAN,
          Postscript.

By the settlement and legal discharge, mentioned in the foregoing instrument, is meant and intended, the rendition by the said Pepper of his final account as the administrator of the said L. F. Smith to the proper Court, and the auditing of the said account by the proper officer, and such other proceedings as may be prescribed by law for final settlement and discharge from such trusts.

C. L. HARRIS, [SEAL.]

"B."

NORTH CAROLINA, ⎫
  Wake County.   ⎬
                 ⎭

Whereas, I have agreed with C. L. Harris to sell him all the stock, tools, fixtures, crops, provisions, fodder, corn, horses, mules, plows, carts, boats and materials of every kind and sort in use or now employed or being on the plantation, known as the Pepper tract on Jones' Island, in Roanoke river, near Gaston, and which plantation lies in Northampton county; the price to be ascertained after the crop grown on said plantation during the year 1871, shall have been housed, by the opinion of one disinterested person, selected by the said C. L. Harris, and of one disinterested person, selected by me, and of one umpire, to be chosen by the said disinterested persons in case they should not agree.  Now I hereby bind myself in consideration of the premises and of one dollar paid to me, to make such selection of one disinterested person whenever I shall be called upon by the said C. L. Harris so to do, to abide his decision or the decision of the umpire chosen as aforesaid, and to deliver the above enumerated property to the said C. L. Harris at the price ascertained as aforesaid, and to receipt to

the said C. L. Harris for the said price under the agreement entered into between us by written articles, dated the —— day of ——, 1872. Witness my hand and seal, the 12th day of January, 1872.

W. R. PEPPER, [SEAL.]

Witness: P. A. NOLAN.

Under the ruling of his Honor, the plaintiff submitted to a judgment of non-suit and appealed.

*Moore & Gatling* and *Smith & Strong*, for the appellant.
*Fowle* and *J. C. L. Harris*, contra.

PEARSON, C. J. The action is for the value of certain personal property sold by the plaintiff to the defendants. His Honor assumes that "the contract was made by Harris, as the agent of Shaffer, as well as for himself." But he was of opinion that "the plaintiff shoul l proceed against Harris alone, upon the written contract; or against Shaffer upon the alleged verbal contract." In other words, he was of opinion that although Harris and Shaffer bought the property jointly, yet, inasmuch as Harris had executed paper A, that had the effect of making a severance; and the plaintiff was put to his election, either proceed against Harris, on paper A, or else proceed against Shaffer on the verbal contract, but you cannot proceed against them jointly.

If paper A was not subject to the objection that it amounts to nothing, and has no legal effect because of the blank in respect to its most essential part; and to the further objection, that it makes no reference to the contract of sale, and is senseless and unmeaning as a promise to pay, *provided*, the obligee will make a certain settlement; and cannot be connected with the contract for the sale of the property, except by parol evidence, the opinion of his Honor would seem to be opposed by the reasoning in *Badham* v. *Drake*, 9 Mason & Welsby 79; *Wylde* v. *Northern Railroad Company*, 53 New York, 156. But the fact that paper A is blank, in respect to the

*amount* that Harris promises to pay, (to say nothing of the fact that it is senseless and unmeaning without the aid of parol evidence to connect it with the sale of the property,) and has no more legal effect than a blank piece of paper, makes it unnecessary for us to go into the learning upon the subject, as to the right of action against all, when a party has entered into a written undertaking, without disclosing the name of one jointly interested, and for whom he is acting as agent.

Our case is, can the action of a vendor against two parties contracting jointly for the purchase of property, be obstructed by a *blank piece of paper,* so as to authorize the Court to put him to his election, sue one on the blank paper, or else sue the other upon the verbal contract?

There is error.   Motion for new trial allowed.

Per Curiam.                                          *Venire de novo.*